

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-27-2003

# USA v. Aguado-Duran

Precedential or Non-Precedential: Non-Precedential

Docket 02-2072

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Aguado-Duran" (2003). *2003 Decisions.* Paper 707.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/707

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-2072

UNITED STATES OF AMERICA

v.

EDINSON AGUADO,
a/k/a EDINSON AGUADO-DURAN,

Edinson Aguado-Duran,
Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Crim. No. 01-cr-00415
District Judge:  The Honorable Dennis M. Cavanaugh

Submitted Under Third Circuit LAR 34.1(a)
March 4, 2003

Before: ROTH, BARRY, and FUENTES, Circuit Judges

(Opinion Filed:March 26, 2003    )

OPINION

BARRY, Circuit Judge

On November 19, 2001, pursuant to a plea agreement, appellant Edinson Aguado-

Duran pled guilty to an indictment charging him with one count of conspiracy to import heroin into the United States from Panama in violation of 21 U.S.C. § 963. On April 2, 2002, the District Court sentenced Aguado-Duran to 78 months imprisonment. On appeal, Aguado-Duran contends that the District Court erred by denying two of his motions at sentencing: (1) his motion for a two-level downward adjustment under section 3B1.2 of the Sentencing Guidelines because he played a "minor role" in the heroin conspiracy; and (2) his motion for a downward departure from the otherwise applicable guideline range due to his medical condition. We have jurisdiction over the first ground of appeal pursuant to 28 U.S.C. § 1291, but have no jurisdiction to review the District Court's decision not to grant a downward departure.

The relevant facts are not complicated. On June 8, 2001, Alberto Rankin, a drug courier, confessed to Customs officials upon his entry into the United States that he had ingested a quantity of heroin, and was to be paid $10,000 upon delivery of the drugs in the United States. Rankin agreed to cooperate with officials, and, after he had passed the drugs, he called and arranged to meet Aguado-Duran at Newark International Airport to deliver the heroin to him. Because another member of the conspiracy had failed to give Aguado-Duran the money with which to pay Rankin, Aguado-Duran withdrew $3,000 from the business bank account of his auto-body shop to give to Rankin, money he expected would be reimbursed by other members of the conspiracy. Aguado-Duran was arrested by federal agents when he arrived to meet Rankin at the airport.

Aguado-Duran contends that his minor role in the conspiracy – picking up the heroin

2

and paying the courier – entitled him to a two-level reduction in his offense level under section 3B1.2(b) of the Sentencing Guidelines. We may reverse the District Court's ruling on this point only if its factual finding that Aguado-Duran played more than a minor role was clearly erroneous. See United States v. Perez, 280 F.3d 318, 351 (3d Cir.), cert. denied, Perez v. United States, 123 S. Ct. 231 (2002). Here, the record contains no evidence that Aguado-Duran's "'involvement, knowledge, and culpability' were materially less than those of other participants" in the heroin trafficking conspiracy, United States v. Brown, 250 F.3d 811, 819 (3d Cir. 2001), especially in light of the fact that he used his own money to pay Rankin with the expectation of reimbursement from other members of the conspiracy. Accordingly, we will affirm the denial of Aguado-Duran's motion for a "minor role" adjustment.

For his second ground of appeal, Aguado-Duran argues that the District Court erred in failing to downward depart from the applicable guideline range due to his medical condition – specifically, the fact that his rectal bleeding for the last two years may indicate that he has colon cancer. At sentencing, the District Court expressly considered this motion and denied it because there was no clear diagnosis that Aguado-Duran actually had cancer and because he had not shown that the Bureau of Prisons would be unable to provide appropriate medical treatment. Because the District Court, in the context of its discussion, recognized its discretion to depart but chose not to on the facts of this case, we have no jurisdiction to review the denial of the motion. United States v. McQuilkin, 97 F.3d 723, 729 (3d Cir. 1996).

3

For the foregoing reasons, we will affirm the judgment of the District Court.

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

_____
Circuit Judge